Application of BOARD OF REGENTS OF OKLAHOMA COLLEGE FOR WOMEN.

No. 35053.    April 17, 1951.

*230 P. 2d 453.*

Mac Q. Williamson, Atty. Gen., and Mainard Kennerly, Asst. Atty. Gen.,

(George J. Fagin, Oklahoma City, of counsel), for applicant.

LUTTRELL, V.C.J. This is an application filed by the Board of Regents for the Oklahoma College for Women, pursuant to the provisions of S.L. 1945, p. 306, §1 et seq., as amended by S. L. 1947, p. 557, §1 et seq., 70 O.S. Supp. 1947 §1709.1-11, 70 O.S.A. §§1709.1-11, for the approval of a bond issue in the sum of $200,000, the money to be used for the extension and improvement of two dormitories belonging to the college, known as Nellie Sparks Hall and Frances Willard Hall. With the application for approval is submitted a transcript of the proceedings authorizing the issuance of the bonds which, upon examination, shows that the proceedings were taken in substantial compliance with the law, and on their face appear to be regular and complete. It appears therefrom that the bonds have been sold to a prospective purchaser subject only to their approval by this court, and subject to a further condition that, if prior to the time the bonds are delivered, they become taxable under the federal law, the contract for the purchase thereof may be rescinded at the option of the purchaser. No protest against the issuance and sale of said bonds has been filed in this court, although notice has been published as required by law, and the hearing provided for in said notice has been had.

From the record before us it appears that in 1934 dormitory bonds in the amount of $130,000, for the construction and equipment of three other dormitories at the college, known as the Ruby Canning, Roberta Lawson and Alice Robertson Halls, were issued and sold pursuant to the provisions of art. 7, ch. 34, S.L. 1931, and that said law authorized payment of bonds so issued from rentals, charges, and fees paid for the use of the last above-named dormitories, and all other dormitories of said college, and that the resolution providing for the issuance of the bonds,

and the bonds themselves, contained a similar provision.

The first question presented is whether the income received from the two dormitories to be extended and improved with the proceeds of the present bond issue is pledged to or liable for the payment of the $130,000 bond issue of 1934, above mentioned. In this connection we are furnished with a statement duly certified by the President of the Oklahoma College for Women, that none of the income from the Nellie Sparks Hall or the Frances Willard Hall has ever been applied to the payment of the $130,000 bond issue, the Board of Regents of the college taking the position that, by virtue of the decision in Baker v. Carter, 165 Okla. 116, 25 P. 2d 747, handed down in September, 1933, prior to the issuance of said bonds, only the revenues realized from the dormitories constructed and equipped with the $130,000 bond issue could be used to pay off said bonds, and that the use of any other revenue for such purpose would be violative of Art. 10, §§23, 24, and 25 of our Constitution.

In Baker v. Carter, supra, we held that if particular bonds or obligations were secured by and payable only from the revenues to be realized from the property acquired or constructed with the proceeds of the bonds or obligations, they did not constitute debts of the state or public agency issuing them, within the constitutional provisions, but that if the indebtedness incurred created a liability whereby the state or agency may suffer a loss if the special fund is insufficient to pay the obligation incurred, then the debt created was in violation of the constitutional provisions.

In view of the holding in Baker v. Carter, supra, and the certificate in the record showing that none of the revenues from the Nellie Sparks Hall or the Frances Willard Hall have ever been applied to the payment of interest and principal of the 1934 bonds, we hold that the revenues to be derived from the Nellie Sparks Hall and Frances Willard Hall are not liable for the payment of the 1934 bonds.

Nor are the bonds violative of art. 10, §§23, 24, and 25 of the Constitution by reason of the fact that the improvements and extensions are made on dormitories already erected by state appropriations.

In Baker v. Carter, supra, the property involved was not to be extended or improved, but to be erected and constructed, while in the instant case the halls, or a part thereof, have already been constructed, and have been in use, according to the record, for such length of time that they have fallen into disrepair. The bond issue is to enlarge, repair, and improve the two halls. In such case we do not consider that the application of the revenues derived from the halls as so enlarged, repaired, and improved, is such application of revenues as is prohibited by the decision in Baker v. Carter, supra.

In Application of Board of Regents for Oklahoma Agricultural & Mechanical Colleges, 196 Okla. 622, 167 P. 2d 883, we held that a bond issue did not violate the constitutional provision where the revenue from the apartment dormitory was pledged to the payment of the bonds, although the money was used to make additions to existing buildings erected for barracks with funds received from the United States government. And in Application of Oklahoma Planning & Resources Board, 201 Okla. 178, 203 P. 2d 415, we held that the planning and resources board, by creating an improved area in Lake Murray Park and charging admission thereto, which area was not confined to the improvements to be erected with the bond issue, was not violative of the constitutional provisions.

The statute authorizing the issuance of the bonds in the instant case authorizes the use of the revenues from the two dormitories, which are to be extended and improved, to be used to pay off

the bonds, and by the resolution authorizing them and the express terms of the bonds, payment is to be made solely from the income or revenues derived from the two dormitories, it being expressly provided that neither the state nor the Board of Regents of the College, nor the Oklahoma College for Women shall be liable for the repayment of the bonds, but that the bonds are a special obligation payable solely from the revenues of the two dormitories. In view of the above it is ordered that the bonds be, and they hereby are, approved.

It is further ordered that the time within which petition for rehearing may be filed herein shall expire on the 2nd day of May 1951.

ARNOLD, C.J., and WELCH, CORN, DAVISON, HALLEY, JOHNSON, and O'NEAL, JJ., concur.